IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTIAN DWAYNE HILL,** | : | CIVIL ACTION NO. 1:21-CV-2106 |
| **Plaintiff** | : | |
| | : | (Judge Conner) |
| v. | : | |
| **SGT. MAUL,** *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Christian Dwayne Hill, who was formerly incarcerated in Camp Hill State Correctional Institution ("SCI-Camp Hill"), alleges that defendants violated his civil rights when they disregarded his medically certified need to be placed in a lower bunk and he subsequently fell from his top bunk and suffered physical injuries. Defendants have moved to dismiss for Hill's failure to prosecute the case. The motion will be granted.

**I.     Factual Background & Procedural History**

Hill filed his complaint on November 26, 2021, and the court received and docketed it on December 15, 2021. (Doc. 1). According to the complaint, medical officials in SCI-Camp Hill had given Hill bottom bunk status due to his longstanding back issues caused by a car accident when he was 15 years old. (Id. at 4). On August 11, 2021, Hill told defendants Maul and Reed, who were both sergeants in the prison, that he was supposed to be given a bottom bunk. (Id.) Both defendants allegedly refused to call the medical department to confirm that Hill needed to have

a bottom bunk and placed him in a top bunk.  (Id.)  Hill allegedly fell from the bunk later that day and suffered injuries to his head, back, knee, and neck.  (Id.)  The complaint asserts claims for deliberate indifference in violation of the Eighth Amendment against Maul and Reed and a claim for supervisory liability against Maul and Reed's supervisor, who was named as a John Doe defendant, for the defendant's alleged failure to train Maul and Reed.  (Id. at 1, 6).  Defendants[1] answered the complaint on October 4, 2022.  (Doc. 12).

On July 31, 2023, defendants moved to dismiss the case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) for his failure to attend when defendants attempted to depose him on July 26, 2023.  (Docs. 18-19).  The court directed Hill to respond to the motion, but he did not do so.  (Doc. 20).  The court nevertheless denied the motion to dismiss without prejudice as premature on October 31, 2023, noting that Hill, "as a pro se litigant, may have been unaware of his obligation to attend his deposition."  (Doc. 21 at 1).  The court noted that "any subsequent failure by plaintiff to attend his deposition may represent good cause to dismiss this case for failure to prosecute," and accordingly warned that "[i]f future proceedings demonstrate that plaintiff has failed to attend when defendants have attempted to depose him or has otherwise failed to prosecute this case, the case may be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)."  (Id. at 1-2).

---

[1] Because John Doe has not been named and has not responded to the complaint, the court will refer to Maul and Reed as "defendants" throughout the remainder of this opinion.

2

On December 22, 2023, defendants filed a renewed motion to dismiss the case for failure to prosecute based on Hill's continued failure to attend his deposition. (Doc. 23). According to defendants, defense counsel called Hill during the scheduled July 26, 2023 deposition, but Hill stated that he was at work and would not be attending. (Doc. 24 at 2). Counsel attempted to explain to Hill that he was obligated to attend a deposition, but the phone disconnected. (Id.) Counsel attempted to call Hill again on June 29, 2023 and July 19, 2023 and emailed him on July 12, 2023 and July 20, 2023 in an attempt to schedule another deposition, but Hill did not answer the calls or respond to the emails. (Id.)

New counsel entered an appearance for defendants on November 3, 2023, shortly after the court denied defendants' first motion to dismiss without prejudice. (See Doc. 22; Doc. 24 at 3). Counsel left a voicemail for Hill on the same day, informing Hill that a deposition needed to be scheduled and reminding him of the court's warning that failure to attend a deposition could be cause to dismiss the case. (Doc. 24 at 3). Hill did not respond to the voicemail. (Id.) Counsel sent a letter to Hill on November 6, 2023, asking him to respond so that a deposition could be scheduled, but Hill again failed to respond. (Id.)

On November 13, 2023, counsel sent Hill a letter and a notice of deposition, scheduling the deposition for December 15, 2023, at 9:30 a.m. (Id. at 4). Hill did not respond to the letter or the notice of deposition. (Id.) Counsel called Hill on November 17, 2023, and Hill answered the phone and identified himself. (Id.) Counsel asked Hill to confirm that he had received the numerous letters that had

3

been sent to him, but the phone immediately disconnected. (Id.) Hill did not call counsel after that date. (Id.)

Hill failed to appear for the scheduled deposition on December 15, 2023. (Id.) Counsel called Hill shortly after the deposition was scheduled to start and left a voicemail. (Id. at 4-5). Hill did not respond to the call. (Id. at 5). Counsel and the court reporter waited until 9:50 a.m. for Hill to arrive, at which point counsel concluded the deposition. (Id.) Hill did not correspond with counsel in any manner following his failure to attend the deposition on December 15, 2023. (Id.)

The court issued an order on January 11, 2024, directing plaintiff to respond to the motion to dismiss on or before January 25, 2024. (Doc. 25). Hill did not respond to the order and has not responded to defendants' motion. The court has not received any communications from plaintiff for over two years since his last filing, a notice of change of address filed on April 8, 2022 informing the court of his new address following his release from prison. (See Doc. 11).

**II.   Discussion**

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." Fed. R. Civ. P. 41(b). When determining whether to dismiss a case for failure to prosecute under Rule 41(b), the court must balance the factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the

4

> conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. Not all of the Poulis factors must be satisfied in order for a court to dismiss a complaint. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

We find that the first three Poulis factors weigh in favor of dismissing this case for failure to prosecute. First, because Hill is proceeding pro se, he is personally responsible for his failure to attend his deposition, respond to court orders, or communicate with opposing counsel. Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002). Second, Hill's failure to attend his deposition causes prejudice to defendants by denying them the opportunity to establish facts relevant to Hill's claims against them. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). Third, Hill has shown a history of dilatoriness by failing to respond to numerous calls, letters, and emails from opposing counsel and by failing to respond to multiple court orders, including one that explicitly directed him to comply with defendants' attempts to depose him and warned that a failure to do so could result in dismissal of this case for failure to prosecute.

The court finds that the fourth and fifth Poulis factors—whether Hill's conduct was willful or in bad faith and the effectiveness of sanctions other than dismissal—also weigh in favor of dismissal. First, Hill's failure to comply with defendants' attempts to depose him appears to be willful. Hill appears to have hung up the phone on opposing counsel during multiple attempts to inform him of his obligation to attend his deposition, and one of these attempts occurred after the

5

court explicitly reminded him of his obligation to attend his deposition.  Second, because he has not communicated with the court in any manner in over a year, the court is without any viable alternative to dismissal.

The sixth factor, the meritoriousness of Hill's claims, weighs against dismissal.  Hill has presented an actionable claim of deliberate indifference against defendants which has enough merit to proceed to the summary judgment stage and possibly a trial on the merits.

Upon balancing the Poulis factors, we find that dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) is warranted.  Although Hill's claims have some legal merit, we find that this factor is outweighed by his significant history of dilatoriness, the prejudice caused to defendants by Hill's failure to attend his deposition, and the apparent willfulness of Hill's actions.  In light of Hill's repeated failure to comply with court orders and willful refusal to comply with defendants' attempts to depose him, we will dismiss this action with prejudice.  See Hamer v. LivaNova Deutschland GmbH, 994 F.3d 173, 177 n.3 (3d Cir. 2021) (noting that "[d]istrict courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss claims with prejudice for failure to comply with a court order").

## III. **Conclusion**

We will dismiss this case with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). An appropriate order shall issue.

<pre>                                        /S/ CHRISTOPHER C. CONNER
                                        Christopher C. Conner
                                        United States District Judge
                                        Middle District of Pennsylvania</pre>

Dated: April 24, 2024